## ROGERS v. THOMPSON.

### No. 1890.

Court of Appeal of Louisiana.
First Circuit.

Oct. 5, 1938.

Rownd & Tycer, of Hammond, for appellant.

Mary Purser, of Amite, for appellee.

LE BLANC, Judge.

This is a suit brought by the plaintiff, Albert Rogers, who was under contract with the defendant, E. B. Thompson, as a tenant on the said defendant's farm in the Parish of St. Helena, for a balance of $398.67 alleged to be due him by the defendant according to an account fully detailed and itemized which is annexed to his petition.

The agreement covered a period of approximately one year, from November 1935, to November 1936. By its terms, the defendant furnished his land, teams and implements, and was to bear his share of the necessary seed and fertilizer. The plaintiff was to make the crop and supply the labor necessary to do so. In his petition, plaintiff alleges that during the year that he operated the farm he produced crops of strawberries, beans, cotton, cabbage, sugar cane and hay. He charges that by clever scheming and padding of his account defendant always notified him that he was indebted unto him and that with the exception of one-half of the amount of money which he gave him for cotton seed, less the price of ginning, defendant had not given him anything or any sum of money realized from the sale of the crops produced on the property. He charges further that the account rendered him by the defendant is false, evasive and carries false and untrue items charged to

him, and that the true situation is that the defendant sold all of his crops of berries, cotton, beans and cabbage, without settling with him for his share thereof, and that as regards the crops of hay, beans, sugar cane and corn, whilst defendant did not sell them he has utilized them to his own advantage without accounting for any part thereof.

In the statement annexed to plaintiff's petition the gross proceeds from the sale of all crops as well as the value of the crops that were not sold amount to the total sum of $1,428.37. Against this, the statement allows the sum of $397.42 for items of fertilizer, crates, and labor for picking and packing, leaving the net results from the operations, the sum of $1,030.95. Plaintiff claims one-half of this amount as his share of the proceeds, from which he deducts the further sum of $116.75 for advances made to him and his labor in cash, leaving the net balance of $398.67 as claimed by him and for which amount he prays judgment against the defendant.

The defendant for answer, after admitting that he had an agreement with the plaintiff as a share cropper, denies that the plaintiff carried out his part of the contract, and generally denies all of the allegations made in the petition. Further answering, he avers that the plaintiff left his farm without notice and before all the crops had been harvested and that he was put to additional expense to finish making and saving the same. Defendant sets out further that he advanced the plaintiff the sum of $78.62 over and above the sums received by him for the crops produced, and, assuming the position of a plaintiff in reconvention, he asks for judgment against the plaintiff for that amount.

There was judgment below in favor of the defendant dismissing the plaintiff's suit. The judgment is silent with respect to the reconventional demand of the defendant. Plaintiff has appealed and defendant has answered the appeal asking for an amendment of the judgment by allowing him the amount sued for by him in reconvention.

As unfortunately it too often appears in cases of this character, especially where one of the parties is illiterate, the testimony is so indefinite and unsatisfactory that it becomes almost impossible to arrive at any positive conclusion one way or the other. They are cases of accounting in which most of the time no records whatever are kept, and when they are, those produced are of the most meagre sort, consisting of scraps of paper with a mass of confusing figures and dates written on them. In this particular case, the plaintiff, although admitting in the account submitted by him with his petition cash advances to himself and labor amounting to the sum of $116.75, strenuously asserts as a witness, that the most he obtained in cash from the defendant was the sum of $10 per month for not more than six months. He insists that he gave no written orders, or that none were given for him at any time, and yet, the defendant produced orders, consisting of the slips of paper of the kind we have just referred to, amounting to the sum of $216.83. This amount, the defendant testifies positively having advanced the plaintiff on those orders. Moreover, he produced checks totalling the sum of $102.89, representing cash advanced to the plaintiff himself in whose favor the checks are made. He indicates by his testimony that he could have supported these amounts paid by him by referring to the account which he said he kept with the plaintiff, but on objection made to the offer of these accounts, they were excluded (erroneously in our opinion) from the testimony by the trial judge. This helped to make the record all the more unsatisfactory.

The only testimony in the record to substantiate the value of the crops which were produced is that with regard to the two crops that were sold, namely, the strawberries and the cotton. The strawberries realized the sum of $651.21, and the cotton $310.26. There is such a conflict of testimony between the plaintiff and his witnesses on the one hand, and that of defendant and his on the other, with regard to the amount of the crops which remained in the field after plaintiff had abandoned the farm, that it is utterly impossible to arrive at any definite value relating to any one of them. For instance, whereas the plaintiff claims to have left approximately one hundred barrels of corn unharvested, the testimony of the defendant's witnesses is that at most there were thirty barrels. Discrepancies of this nature appear in the testimony with regard to the crops of beans, cabbage and sugar cane. It is hardly necessary for us to state that with only evidence of this character before it, it is impossible for the court to make a proper

accounting which is necessary in order for it to pronounce judgment definitively in the case on either the main or reconventional demand. We do not know if it would serve further purpose in administering justice between the parties, but we feel that a judgment of nonsuit which would leave them in the same position that they were originally, would be the proper one to render in the case. Plaintiff was permitted to prosecute this suit in forma pauperis, and the item of cost therefore does not enter into consideration.

For the reasons herein stated it is therefore ordered that the judgment appealed from be and the same is hereby reversed and set aside, and it is now ordered that there be judgment herein dismissing both the plaintiff's demand and also the defendant's reconventional demand as in case of nonsuit.